1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    ADEMOLA ADESANYA,                        Case No.  15-cv-01379-KAW

            Plaintiff,
8

9        v.                                   **ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND**
10   UNITED STATES,
                                              Dkt. No. 1
            Defendant.
11

12

13                              **I.       BACKGROUND**

14        On March 25, 2014, *pro se* plaintiff Ademola Adesanya, a Nigerian citizen and resident,

15   commenced this action against the United States ("Government"), alleging that the ten year ban

16   provision under 8 U.S.C. § 1229a(b)(7) violated his constitutional rights.[1]  He has consented to the

17   undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 11.)  Plaintiff's application to

18   proceed *in forma pauperis* ("IFP") was granted in a separate order, but summons was not issued.

19   (Dkt. No. 16.)  On May 10, 2015, Plaintiff filed a Motion to Stay, which the Court DENIES as

20   moot, because Defendant's complaint is hereby DISMISSED with leave to amend.[2]

21                              **II.      LEGAL STANDARD**

22        Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court

23   determines that . . .the action . . . fails to state a claim on which relief may be granted."  *See* Fed.

24

25   _____

[1] Defendant's complaint incorrectly refers to the relevant code section as "8 USC 1229(b)(7)."  The
26   correct statutory provision, which will be used hereinafter, is 8 U.S.C. § 1229a(b)(7).

27   [2] In his motion, Plaintiff requests the Court to stay the matter so that he may amend the complaint
     to add a tort claim.  This motion, however, is unnecessary because the Court is dismissing
28   Plaintiff's complaint without prejudice, and Plaintiff may add such a claim in his amended
     complaint.

United States District Court
Northern District of California

United States District Court
Northern District of California

R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case.").

Rule 8 also requires that each allegation of a complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A pleading may not simply allege that a wrong has been committed and demand relief. The underlying requirement is that a complaint give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has an obligation to construe pro se pleadings liberally "to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (discussing post-*Iqbal* pleading standards). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support the plaintiff's claim. *Id.* at 649.

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

In this action, Plaintiff challenges 8 U.S.C. § 1229a(b)(7), claiming that it violates the Fifth and Eighth Amendments of the U.S. Constitution. 8 U.S.C. § 1229a(b)(7) provides that:

> Any alien against whom a final order of removal is entered in absentia under this subsection and who, at the time of the notice

2

described in paragraph (1) or (2) of section 1229 (a) of this title, was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences under this paragraph of failing, other than because of exceptional circumstances (as defined in subsection (e)(1) of this section) to attend a proceeding under this section, shall not be eligible for relief under section 1229b, 1229c, 1255, 1258, or 1259 of this title for a period of 10 years after the date of the entry of the final order of removal.

In his complaint, Plaintiff states that from 1982 to 1998, he resided in California and paid both federal and state personal income taxes.  (Compl. at 4.)  Plaintiff claims that in 1989, he qualified for the "suspension of deportation" relief as an alien who had resided in the U.S. for seven years without a criminal record.  (*Id.*)  Plaintiff alleges that he was deported in absentia in 1992, after he failed to appear at his deportation hearing, though he received both oral and written notice.  (*Id.*)  He states that in 1998, he was removed from the U.S. and deported to Nigeria.  (*Id.*)  He asserts that he has been harmed by the ten year ban "outside the shores of the US" provision contained in § 1229a(b)(7), and that he has suffered immense economic loss because he was unable to work in the U.S.  (*Id.*)

### A.  Plaintiff lacks standing to bring this action.

As a preliminary matter, Plaintiff lacks standing to litigate this case.  Generally, a plaintiff must have standing under Article III of the United States Constitution to pursue relief in federal court.  Article III standing requires the demonstration of three elements: (1) the plaintiff suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  If these requirements are not satisfied, the action must be dismissed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998).

Here, Plaintiff's attempt at establishing standing is couched in a section of his complaint labeled "Article III US Constitution (Sections 1 and 2)", which states that "The US Government is a defendant, Matters arising out of the US Constitution, Case and Controversy requirement, and

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Alienage diversity jurisdiction because plaintiff is a citizen of Nigeria and currently resides in

Nigeria." (Compl. at 2.)   Plaintiff's claimed injury is that he sustained economic losses for being

unable to work in the U.S. for a period of ten years pursuant to the ban under § 1229a(b)(7).  (*Id.*)

This allegation alone is insufficient to establish standing.

First, this claimed injury is conjectural, not concrete and particularized, and actual or

imminent.  *Lujan*, 504 U.S. at 560-61.  Plaintiff's assertion that "he worked and paid both Federal

and California State personal income taxes for 15 years when he resided in California" prior to

deportation in 1998, is irrelevant because Plaintiff was not guaranteed employment and minimum

wage income during his 17 years of deportation.  (*See* Compl. at 5.)  Furthermore, Plaintiff was

only aggrieved by the statutory ban until 2008, after which he became eligible to apply for re-entry

into the United States.  Instead, Plaintiff applied for relief in 2013, five years after eligibility,

when he was no longer harmed by, or subject to, the ten year ban under § 1229a(b)(7).  Plaintiff's

application was ultimately denied by the Board of Immigration Appeals through a final decision

issued on June 10, 2014.[3]  As such, Plaintiff's injury in fact would only have been actual and

concrete until 2008 - the ten year mark after his deportation, when his ability to apply for re-entry

was still affected by the statute.  Plaintiff, however, now claims that he has been injured for the

entire 17 years since deportation.   Thus, Plaintiff fails to meet this first element of standing.

Second, while the Government's actions are generally traceable to the extent that it

enforces the challenged statutory provision,  its actions are not specifically traceable to Plaintiff's

claimed injury since, as stated above, Plaintiff brings this action seven years after his right to relief

became available.  At this point and time, the Government's conduct of enforcing the statute is

attenuated and no longer injures Plaintiff in any actual or concrete manner.  Therefore, Plaintiff

fails to meet the second element of the standing analysis.

Finally, Plaintiff's alleged injury will not be redressed through a favorable decision by this

---

[3] This matter is currently pending at the U.S. Court of Appeals for the Ninth Circuit.  (Compl. at
5.; Pl.'s Petition for Review, *Adesanya v. Lynch*, No. 14-71935 (9th Cir. July 2, 2014), ECF No.
1.)

4

Court. *Lujan*, 504 U.S. at 560-61. As part of his demands for relief, Plaintiff seeks financial compensation from Defendant in the sum of $306,000, calculated in minimum wage over a period of 17 years since Plaintiff's removal from the U.S. in 1998. (Compl. at 5.) Additionally, Plaintiff requests that the Court "delete the number and word '10 years' from the text of 8 USC 1229(b)(7)." (*Id.* at 6.) These demands stem from Plaintiff's argument that the ten year ban under § 1229a(b)(7) is unconstitutional. Even if the Court deems the statutory provision unconstitutional, however, Plaintiff will not be impacted since his ten year ban has already elapsed, and seven years have passed since he became eligible for statutory relief. Thus, any Court action would not remedy Plaintiff's claimed injury such that he fails to meet the third element.

At most, Plaintiff's complaint amounts to a mere generalized grievance. A "generalized grievance," no matter how sincere, is insufficient to confer standing. *Lujan*, 504 U.S. at 560-61. A litigant "raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573–574.

Here, without individual standing, Plaintiff's complaint merely becomes a generalized grievance that does not benefit him in any manner.

For these reasons, as currently pled, Plaintiff lacks standing in this case. If he is unable to state facts to establish standing, he should not file an amended complaint and instead file a voluntary dismissal.

### B. Failure to state a claim.

Moreover, Plaintiff's complaint fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555 (quotation omitted). Despite the Court's obligation to liberally construe Plaintiff's complaint, Plaintiff's original complaint runs afoul of Rule 8(a)'s requirement that a complaint set forth a "short and plain statement" of Plaintiff's claims showing that he is entitled to relief, and is therefore subject to dismissal.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiff's complaint sets forth several causes of action. Specifically, Plaintiff alleges that the ten year ban under § 1229a(b)(7): (1) violates the Commerce Clause of Article 1, Section 8, Clause 3; (2) is vague and void under the Due Process Clause of the Fifth Amendment; (3) violates the Takings Clause of the Fifth Amendment; (4) violates Plaintiff's right to "fundamental fairness" under the Procedural Due Process Clause of the Fifth Amendment; (5) violates Plaintiff's Substantive Due Process rights under the Fifth Amendment; (6) violates the Equal Protection Clause of the Fifth Amendment; (7) violates the Proportionality Clause of the Eight Amendment; (8) violates the Excessive Fine Clause of the Eight Amendment; and (9) violates the Cruel and Unusual Punishment Clause of the Eight Amendment. (Compl. at 5-6.)

Plaintiff bases these allegations on the assertion that the ten year ban under § 1229a(b)(7) harmed and caused him to suffer immense economic loss because he was unable to work in the U.S. for 17 years after he was deported in 1998. (*See* Compl. at 4-5.) This assertion, however, is highly conclusory and is insufficient to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate.).

The deficiencies discussed above warrant dismissal of Plaintiff's complaint in its entirety. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The Court, however, grants Plaintiff leave to amend the complaint because these deficiencies may be cured through amendment. *See Lopez*, 203 F.3d at 1127.

In the amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that all that is required under Rule 8(a)(2) is a "short and plain statement" of his claims showing that he is entitled to relief. Plaintiff is further advised that Rule 8(d) requires that any amended complaint must contain "simple, concise, and direct" allegations. Plaintiff is strongly encouraged to limit his allegations only to the facts that are relevant and material to his claims.

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Additionally, the amended complaint should clearly delineate each legal claim, and state facts indicating the nature and grounds for each claim.  The amended complaint must also comport with Rule 10(b) of the Federal Rules of Civil Procedure, such that each paragraph must be separately numbered.[4]  Plaintiff's original complaint runs afoul of this requirement, as it contains full pages of text with factual allegations that do not appear to be connected to the nine causes of action asserted.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff shall file a first amended complaint on or before **June 22, 2015**.  Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  For that reason, Plaintiff shall properly identify the legal and factual bases for all of his claims, free of any reference to any prior complaint.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).  In amending his complaint, Plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Failure to file a first amended complaint on or before **June 22, 2015**, may result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: May 20, 2015

_____

KANDIS A. WESTMORE
United States Magistrate Judge

---

[4] The Court notes and acknowledges that Plaintiff has been relieved from the requirement that he use numbered pleading paper.  (Dkt. No. 14.)

7