UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEMOLA ADESANYA,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>   Defendant. | Case No. 15-cv-01379-KAW<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Dkt. Nos. 27 & 34 |

On June 16, 2015, Plaintiff Ademola Adesanya filed a first amended complaint. On October 7, 2015, Plaintiff filed a motion for leave to file a second amended complaint. (Pl.'s Mot., Dkt. No. 34.) For the reasons set forth below, the first amended complaint is DISMISSED without leave to amend, because any amendment would be futile, and Plaintiff's motion for leave to file a second amended complaint is DENIED.

## I. BACKGROUND

On March 25, 2015, *pro se* plaintiff Ademola Adesanya, a Nigerian citizen and resident, commenced this action against the United States, alleging that the provision in 8 U.S.C. § 1229a(b)(7) requiring that he wait ten years before obtaining relief from his removal from the United States violated his constitutional rights. Plaintiff alleges that he was deported in absentia in 1992, after failing to appear at his deportation hearing, and was ultimately removed from the United States in 1998. (First Am. Compl., "FAC," Dkt. No. 27 at 4.)

On May 21, 2015, the Court dismissed Plaintiff's initial complaint with leave to amend on the grounds that Plaintiff lacked standing to litigate his case. (5/21/15 Order Dismissing Compl., "5/21/15 Order," Dkt. No. 20.) On June 16, 2015, Plaintiff filed a first amended complaint, in which he added a "TORTS" cause of action against both the United States and Kern County.

1   On October 7, 2015, Plaintiff filed a motion for leave to file a second amended complaint. (Pl.'s Mot., Dkt. No. 34.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted." See Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case.").

Rule 8 also requires that each allegation of a complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A pleading may not simply allege that a wrong has been committed and demand relief.  The underlying requirement is that a complaint give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has an obligation to construe pro se pleadings liberally "to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (discussing post-*Iqbal* pleading standards).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support the plaintiff's claim. *Id.* at 649.

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

2

## III. DISCUSSION

In this action, Plaintiff challenges 8 U.S.C. § 1229a(b)(7), claiming that it violates the First, Fourth, Fifth and Eighth Amendments of the U.S. Constitution. Additionally, Plaintiff asserts a second cause of action labeled "TORTS".[1] 8 U.S.C. § 1229a(b)(7) provides that:

> Any alien against whom a final order of removal is entered in absentia under this subsection and who, at the time of the notice described in paragraph (1) or (2) of section 1229 (a) of this title, was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences under this paragraph of failing, other than because of exceptional circumstances (as defined in subsection (e)(1) of this section) to attend a proceeding under this section, shall not be eligible for relief under section 1229b, 1229c, 1255, 1258, or 1259 of this title for a period of 10 years after the date of the entry of the final order of removal.

From 1982 to 1998, Plaintiff resided in California and paid both federal and state personal income taxes. (FAC at 4.) In 1989, Plaintiff claims that he qualified for the "suspension of deportation" relief as an alien who had resided in the U.S. for seven years without a criminal record. *Id.* Notwithstanding, Plaintiff was deported in absentia in 1992, after he failed to appear at his deportation hearing, despite having received both oral and written notice. *Id.* In 1998, Plaintiff was removed from the United States and deported to Nigeria. *Id.* Plaintiff claims that he has been harmed by the ten year ban contained in § 1229a(b)(7), and has suffered immense economic loss because he was unable to work in the United States. *Id.* Plaintiff claims that since there is no procedure to apply for relief after the ten year ban pursuant to the statute, the ban is effectively a lifetime ban. *Id.*

### A. Plaintiff lacks standing to bring this action.

Plaintiff's first amended complaint suffers from the same material defect as the initial complaint in that it fails to allege sufficient facts to establish that he has standing to sue. As stated in the Court's order dismissing Plaintiff's initial complaint, Plaintiff must have standing under Article III to pursue relief in federal court. (5/21/15 Order at 3.) Article III standing requires the

---

[1] Under this claim, Plaintiff alleges: (a) wrongful deportation conspiracy; (b) violation of 42 U.S.C. 1983; (c) violation of 42 U.S.C. 1985; (d) personal injury; (e) intentional infliction of emotional distress; (f) claims for actual damages; and (g) claims for emotional distress. (FAC at 12.)

3

demonstration of three elements: (1) the plaintiff suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). If these requirements are not satisfied, the action must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998).

Here, and without repeating the analysis contained in the May 21, 2015 Order, Plaintiff's claimed injury is that he sustained economic losses for being unable to work in the U.S. for a period of ten years pursuant to the ban under § 1229a(b)(7). (FAC at 4.) Plaintiff also claims that there is no procedure to apply for relief after the ten year ban has elapsed, such that it is effectively a lifetime ban. *Id.* Relief from removal, however, is delineated in § 1229a(c)(4), and Plaintiff could have moved for such relief as early as 2008. It appears that Plaintiff did not do so. Thus, Plaintiff was only aggrieved by the statutory ban until 2008, after which he became eligible to apply for re-entry into the United States. Thus, Plaintiff fails to sufficiently allege that he suffered an injury to establish standing.

Even if there is no procedure to apply for re-entry, as Plaintiff alleges, he has failed to provide any authority establishing that he has a right to apply for re-entry or that a lifetime ban after being deported is unconstitutional.

**B.  Failure to state a claim.**

Plaintiff's first amended complaint ("FAC") fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555 (quotation omitted). Despite the Court's obligation to liberally construe the FAC, it runs afoul of Rule 8(a)'s requirement that a complaint set forth a "short and plain statement" of Plaintiff's claims showing that he is entitled to relief, and is therefore subject to dismissal.

Here, the FAC's "first claim" asserts constitutional challenges arising from Plaintiff's deportation. Specifically, Plaintiff alleges that the ten year ban under § 1229a(b)(7) violates federal law, and requests that the district court interpret the provision. (FAC at 3.) Plaintiff alleges that the ban is tantamount to a lifetime ban, because there is no procedure in place to apply for

4

1   relief from removal. *Id.* at 7.  As stated above, there is a procedure to apply for such relief, but
2   Plaintiff failed to avail himself of it.  Moreover, Plaintiff was ultimately deported after he failed to
3   appear at his deportation hearing.  Thus, the allegations in the amended complaint are highly
4   conclusory and are insufficient to state a claim upon which relief can be granted. *See Twombly*,
5   550 U.S. at 555 ("a complaint must contain sufficient factual matter, accepted as true, to state a
6   claim to relief that is plausible on its face"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the
7   elements of a cause of action" and "conclusory statements" are not adequate.).  Even if Plaintiff's
8   failure to seek relief from removal and failure to appear at his deportation hearing has resulted in
9   his deportation with no way to re-enter the United States, such facts do not state a cognizable
10  claim against the United States.

11   Accordingly, Plaintiff's first cause of action is dismissed without leave to amend, because
12  any amendment would be futile.

### C. Torts claim

14   Plaintiff's second claim is for "TORTS," which includes violations of 42 U.S.C. § 1983,
15  intentional infliction of emotional distress, "actual damages," and "personal injury."  Plaintiff
16  asserts this cause of action against the United States and Kern County, alleging that the entities
17  "conspired together in a joint conspiracy to have the plaintiff wrongfully deported by illegally
18  intercepting his application for relief from deportation." (FAC at 12.)

#### i. Claims against the United States

20   "The United States, as sovereign, can only be sued to the extent it has waived its sovereign
21  immunity."  *Vacek v. United States Postal Service,* 447 F.3d 1248, 1250 (9th Cir. 2006) (citation
22  omitted).  The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity
23  for certain torts committed by federal employees "while acting within the scope of his office or
24  employment, under circumstances where the United States, if a private person, would be liable to
25  the claimant in accordance with the law of the place where the act or omission occurred."  28
26  U.S.C. § 1346(b); *see Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).  Thus, "any
27  duty that the United States owed to plaintiffs must be found in California state tort law."  *Delta*
28  *Savings Bank v. United States,* 265 F.3d 1017, 1025 (9th Cir. 2001) (citation omitted).

To successfully prosecute a tort action against the United States, Plaintiff must have (1) exhausted his administrative remedies; (2) present a claim to the appropriate federal agency within two years of the claim's accrual; and (3) file a lawsuit in federal court within six months of the "final denial of the claim by the agency to which it was presented." *Wong v. Beebe,* 732 F.3d 1030, 1033 (9th Cir. 2013).

Here, Plaintiff waited more than 15 years after his deportation, which is when any claim would have accrued. As a result, any state or federal claims against the United States pertaining to his deportation are barred by the statute of limitations.

### ii. Claims against Kern County

California has a two year statute of limitations for personal injury and civil rights claims. Cal. Civ. Proc. Code § 335.1. Notwithstanding any additional failure to exhaust his administrative remedies, Plaintiff's filing of this lawsuit more than 15 years after the alleged civil conspiracy is time-barred.

Accordingly, Plaintiff's tort claims are dismissed without leave to amend, because they are barred by the applicable statutes of limitation.

### D. Duplicative claims

Upon review of the allegations in the FAC, it appears that this lawsuit is duplicative of Plaintiff's appeal currently pending before the Ninth Circuit. *See Adesanya v. Lynch,* No. 14-71935 (9th Cir. 2014). There is no abuse of discretion in dismissing a complaint pursuant to 28 U.S.C. § 1915(d) that merely repeats pending or previously litigated claims. *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (no abuse of discretion); *see also Walker v. Gomez*, No. C 08-05381 JF (PR), 2009 WL 195917, at *1 (N.D. Cal. Jan. 14, 2009). The claims in this action are duplicative of those currently before the Ninth Circuit. *See* Unopposed Motion to take Judicial Notice of New appeal and related case, Adesanya v. Lynch, No. 14-71935 (9th Cir. May 27, 2015), ECF No. 25. Therefore, the amended complaint is dismissed for that reason as well.

///

///

**E. Motion for leave to file a second amended complaint**

In the motion for leave to file a second amended complaint, Plaintiff seeks to include allegations concerning his economic losses and his demand for actual damages related to his "torts" cause of action. (Pl.'s Mot. at 1.) As discussed above, any potential tort claims against the United States and Kern County are barred by the applicable statutes of limitation. *See* discussion *supra* Part III.C.i-ii. Since Plaintiff's proposed amendments do not correct the deficiencies outlined above, Plaintiff's motion is DENIED.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's first amended complaint is DISMISSED with prejudice, because any amendment would be futile. Furthermore, Plaintiff's motion for leave to file a second amended complaint is DENIED. The Clerk shall close the case.

IT IS SO ORDERED.

Dated: October 14, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge